**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**FRANCISCO JAQUEZ,**

        **Plaintiff,**

-vs-                                                **Case No. 6:06-cv-1859-Orl-28JGG**

**MAEWEATHERS TRANSPORTATION,
INC., MICHAEL S. MAEWEATHERS,
ROOMS TO GO FLORIDA
CORPORATION,**

        **Defendants.**

## **REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. No. 19)** |
| **FILED:** | March 23, 2007 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiff Francisco Jaquez seeks to hold Defendants Maeweathers Transportation, Inc. ["MT"], Michael S. Maeweathers, and Rooms to Go Florida Corporation ["Rooms"] liable for failing to pay him wages pursuant to an employment contract, and for failing to pay him overtime wages pursuant to the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). The parties

have signed a written Settlement Agreement and General Release ("Settlement Agreement"), and ask the Court to approve the settlement and to dismiss the case with prejudice.

**THE LAW**

    **A.    Approval of Settlements**

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit does reflect "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and

judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### B.   Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1]   The party seeking attorneys' fees bears the initial burden of submitting adequate

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of

documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

---

reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## II.    APPLICATION

Plaintiff alleged that Defendants failed to pay him wages as provided by his employment contract, and failed to pay him overtime wages under the FLSA, for his work as a "driver/mover." Docket Nos. 1, 7. Defendants assert that they "had reasonable grounds to believe they were in compliance with the FLSA at all times . . ." Docket No. 19 at 1. Pursuant to the Court's FLSA Scheduling Order, the parties engaged in settlement negotiations, and agreed to settle the case. The parties stipulate that they had a bona fide dispute, but that they have resolved this case to avoid further litigations costs. *Id.* at 2. The Court finds that this case involves a bona fide dispute as to liability and the amount owed.

Under the terms of the Settlement Agreement, Defendants agreed to pay $5,118 in three separate allocations: 1.) $609 to Plaintiff as back wages; 2.) $809 to Plaintiff in liquidated damages; and 3.) $3,700 to the Pantas Law Firm, P.A. (the law firm of Plaintiff's counsel) for fees and costs. Docket No. 19-2 at 1. In terms of fairness of the settlement, each party was independently represented by counsel. Counsel were obligated to vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, there is no suggestion of collusion. Given the mandatory award of reasonable

attorneys' fees pursuant to 29 U.S.C. § 216(b), early resolution of FLSA claims are encouraged, and extensive discovery typically is unnecessary. Furthermore, "Plaintiff is satisfied that the amount of the settlement represents a reasonable compromise of his claims," and all counsel agree that "the settlement is fair and reasonable under the circumstances." Docket No. 19 at 2-3. The Court finds that settlement of the action in favor of certainty was fair and reasonable.

Comparing the amount of the Plaintiff's recovery to the attorneys' fees to be paid, the Court does not find that the amount of attorneys' fees is grossly excessive. *See, e.g., Goss*, 248 F. Supp. 2d at 1169 (denying attorney's fees of more than $16,000 when plaintiff recovered $316 in back wages). In addition, the parties agree that the fees and costs to be paid to Plaintiff's counsel are reasonable. *See id.* at 2. The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.

Therefore, it is **RECOMMENDED** that:

1. the Joint Motion for Approval of Proposed Settlement and to Dismiss Case with Prejudice [Docket No. 19] be **GRANTED**;

2. the settlement agreement [Docket No. 19-2] be approved;

3. the case be dismissed with prejudice; and

4. the Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 3, 2007.

                                                                                         _____
                                                                                         JAMES G. GLAZEBROOK
                                                                                         UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy